Filed 5/30/24  P. v. Hurst CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081909 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD292624) |
| PATRICK DORIEN HURST, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this case, appellant Patrick Dorien Hurst was charged with 12 different offenses.  The trial court denied Hurst's in limine motion to sever the case into three different cases and try each separately.

The jury convicted Hurst on a number of counts and found him not guilty of others as we will outline below.

PROCEDURAL BACKGROUND

The San Diego County District Attorney charged Patrick Dorien Hurst, with three counts of robbery (Pen. Code,[1] § 211; (counts 1, 2, 4)); one count of possession of a firearm by a felon (§ 29800, subd. (a)(1); (count 5)); one count of possession of ammunition by a felon (§ 30305, subd. (a)(1); (count 6)); one count of assault likely to produce great bodily injury (§ 245, subd. (a)(1); (count 8)); one count of making a criminal threat (§ 422; (count 9)); two counts of vandalism over $400 (§ 594, subd. (a)(b)(1); (counts 10, 11)); two misdemeanor counts of delaying a police officer (§ 148, subd. (a)(1); (counts 3, 12)); and one misdemeanor count of exhibiting a deadly weapon other than a firearm (§ 417, subd. (a)(1); (count 7)); and alleged with respect to counts 4, 5, 6, 8, 9, 10 and 11 that Hurst was released from custody on bail in an earlier felony case (§ 12022.1, subd. (b)); alleged with respect to counts 4, 9, and 10 (later dismissed) that Hurst personally used a deadly weapon (§ 12022, subd. (b)(1)); and alleged a serious felony prior (§ 667, subd. (a)(1)) and two strike priors (§ 667, subd. (b)-(i) & 1170.12).

The jury found Hurst guilty of counts 2, 3, 10, 11 and 12, and the lesser included offense of petty theft as to count 1. The jury found Hurst not guilty of counts 1, 4, 5, 6, and 8. The court declared a mistrial as to count 9, and dismissed it the next day.

The court denied Hurst's motion under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 to dismiss his strike prior and sentenced Hurst to the midterm of three years on count 2, doubled to six years because of one strike prior, and consecutive eight-month sentences (one-third the midterm), doubled to 16 months on counts 10 and 11, a consecutive two years for

---

1    All statutory references are to the Penal Code unless otherwise specified.

2

the on-bail enhancement with respect to count 10, and one-third the mid-term, or one year, for the robbery in case No. SCD287570, and time served on the misdemeanors, for a total of 11 years eight months.

The court imposed $210 in direct restitution payable to Best Western (§ 1202.4, subd. (f)), and reserved jurisdiction to determine actual restitution to the Hot Blend Café and Super 8 Motel.  The court awarded Hurst 278 actual days and 41 days of conduct credit for a total of 319 days in this case and 62 actual days and 9 days of conduct credit for a total of 71 days in case No. SCD287570.

Hurst filed a timely notice of appeal.

Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal.  Counsel asks the court to independently review the record for error as mandated by *Wende*.

We offered Hurst the opportunity to file his own brief on appeal, but he has not responded.

STATEMENT OF FACTS

Appellate counsel has submitted accurate summaries of the facts of the offenses of which Hurst was convicted.  Given the various crimes and events involved in this judgment we will incorporate counsel's summaries into this opinion in order to provide context for the discussion.

**October 1, 2020 (Count 1: Petty Theft at Best Western)**

On October 1, 2020, Tracy W.[2] was working at the front desk as the manager of the Best Western Bayside Inn in San Diego.  Between 7:20 and 7:40 a.m., Hurst entered the motel without wearing a mask.  Tracy twice

---

[2]    In accordance with California Rules of Court, rule 8.90(b), we refer to certain individuals by their first name and last initial, and thereafter by their first name only, to protect their privacy.  No disrespect is intended.

told Hurst he needed to wear a mask and later offered him a box, possibly with masks. Hurst responded by looking for a mask in his pockets and said, "I guess I don't have a mask on me." "I just got out of jail." Tracy told Hurst, "Well, if you don't have a mask, I can't help you. You need to leave the building." Hurst walked over to the snack area, took a candy bar, and walked out the garage door.

About 6:30 or 7:00 a.m., Tracy radioed Daniel J. who was working as the maintenance engineer at the largely empty Best Western Bayside Inn in San Diego, and asked him to look in the parking lot for Hurst to encourage him to leave, but not confront him. Daniel saw Hurst trying to open vehicle doors and looking inside vehicles. Daniel followed Hurst who lunged at him or "muscled up." Daniel, who became scared, told Hurst, "Hey, you don't need to punch me."

Daniel told Tracy to call 911 and they both called 911 (Tracy called three times) and reported the incident. Hurst entered the maid's kitchen, and the maids, scared, came running to the office where they all locked themselves inside. A video showed Hurst with some items in his hand (wine bottle, water bottle, snacks) that he did not have in the garage. Hurst pulled the fire alarm. The fire department responded.

At 8:08 a.m., Hurst climbed over the desk and took about $190 from the cash drawer. Daniel was scared so he let Hurst take whatever he wanted. Tracy was terrified as if she and the others were being held hostage in the room where they sought refuge. Tracy did not confront Hurst about stealing the candy bar or the money because she was scared of getting permanently injured. Tracy never heard Hurst threaten anyone, but he appeared to be a "threatening-type person."

4

## October 1, 2020 (Count 2: Robbery of the Hot Blend Café)

Later that day, on October 1, 2020, Rahem N. was working at his Hot Blend Café in Fashion Valley. Hurst, shirtless, muscular, and looking macho, came up to the pickup window and made gestures as if he was going to break Rahem's back and choke him, which scared him. Hurst asked for a pack of Newport cigarettes. Rahem asked for money and when Hurst did not provide any, Rahem put the cigarettes down because he wanted Hurst to feel comfortable by treating him like everyone else. Hurst grabbed the Newport cigarettes, slammed the counter very hard, and walked away. Rahem was too scared to go after Hurst, so he called the police. When Rahem was on the phone with the police, Hurst came back and grabbed something else like a piece of fruit or gum, and walked away. Rahem was scared and thought Hurst was going to hurt or kill him, but Hurst just stared at him. After Hurst was arrested, the police recovered a pack of Newport cigarettes he had dropped, which Rahem identified.

## October 1, 2020 (Count 3: Resisting Arrest at the Parking Lot By Hot Blend Café)

Later that day, on October 1, 2020, Officer Zachery Richardson and his partner Adam Ansari, as well as Officer Magana (who was wearing a body camera) and his partner, all in uniform, responded to a call that an African-American man had robbed a store within the Fashion Valley Mall and was heading towards the west end or south part of the mall. In the mall's parking lot, Officer Richardson saw Hurst, who matched the description of the robber, and told him to stop because they needed to speak with him. Officer Richardson did not tell Hurst he was a suspect related to the incident at the Hot Blend Café. Hurst said, "Fuck the police," and refused to stop. Hurst was not only fleeing but preparing to fight. Fearful that Hurst might have a weapon (though there was no report of a weapon), the police tasered Hurst,

5

which was only partially effective, tackled him to the ground, and arrested him.

### January 28, 2022 (Count 10: Vandalism of Super 8 Motel)

For more than 14 years, Mayur P. was the manager of the 144-room Super 8 Motel, at Hotel Circle, San Diego. From October or November 2021 until May 2022, Hurst stayed in Room 447, which was prepaid only for several weeks. Hurst was a terrifying, violent, angry, loud man who was a threat to the hotel because he carried weapons, including guns and a machete.

On January 27, 2022, at the advice of the police, Mayur boarded up Hurst's room, including the windows, after Hurst and his girlfriend left the room because he was staying there illegally. On January 28, 2022, at about 12:20 a.m., Hurst took down the plywood and broke the window into his room. Mayur told Hurst, who was holding a machete, "Sir, you can't do this. Because you are not allowed to stay here." Hurst yelled: "It is my room." "You see I have a machete in my hand. Do not come close to me, otherwise, I am going to hurt you." Mayur called the police, but they did not do anything because they said it was a civil, not criminal, matter. Hurst moved back into his room. It would cost $500 plus labor to repair the damage to the room.

### May 31, 2022 (Counts 11: Vandalism at the Super 8 Motel)

On May 26, 2022, Officer Palmer evicted Hurst after he was served eviction papers. Mayur boarded up the room again to try to prevent Hurst from breaking into it again. On or about May 31, 2022, Hurst ripped the plywood off and broke back into his room. It would cost more than $1500 to repair the damage to the room that night.

**May 31, 2022 (Count 12: Resisting Arrest at the Super 8 Motel)**

At about 11:30 a.m. on May 31, 2022, Officer Brooks Noble responded to a call from the Super 8 Motel in Hotel Circle about a trespass by someone who had been evicted and was possibly armed with a machete or handgun. It took about 20 uniformed officers two and a half to three hours before they were able to persuade Hurst, who was on the fourth floor of the motel, to surrender.

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified two possible issues for the court's consideration.

1. Whether the court erred in denying the defense motion to sever the counts in this case into three different cases to be tried separately.

2. Whether the court abused its discretion in denying the defense motion to strike the "strike prior."

We have independently reviewed the record for error as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Hurst on this appeal.

7

DISPOSITION

The judgment is affirmed.

                                                    HUFFMAN, Acting P. J.

WE CONCUR:


O'ROURKE, J.


CASTILLO, J.